IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES JONATHAN CLOW; SHIRLEY ROSE
PETERS; ANGILA BESSY PETERS-CLOW,

CV-07-403-ST

                Plaintiffs,

FINDINGS AND
RECOMMENDATION

     v.

INSURANCE CORPORATION OF BRITISH
COLUMBIA, a Provincial Crown Corporation in
the PROVINCE OF BRITISH COLUMBIA,
CANADA and SCOTT ALLEN ROBINSON,

                Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiffs, James Jonathan Clow ("Clow"), his wife, Angila Bessy Peters-Clow ("Peters-Clow"), and his mother-in-law, Shirley Rose Peters ("Peters") (collectively, "plaintiffs") originally filed this action in Multnomah County Circuit Court on December 20, 2006. *Clow, et al. v. Insurance Corp. of British Columbia, et al.*, Multnomah County Circuit Court Case

No. 0612-13353.  Plaintiffs allege that they were injured in Gresham, Oregon, on December 21, 2004, when the car in which they were traveling[1] was struck by a cargo van stolen and driven by Scott Allen Robinson ("Robinson") and owned by The Electric Group, Inc., whose sole shareholder is Lynne M. Robbins ("Robbins").  The Complaint alleges two claims for: (1) negligence against Robinson, The Electric Group, Inc., and Robbins; and (2) breach of contract against defendant Insurance Corporation of British Columbia ("ICBC").  On May 8, 2007, plaintiffs dismissed their claims against The Electric Group, Inc., and Robbins, leaving Robinson as the sole defendant with respect to the negligence claim.  Stipulated Judgment of Dismissal With Prejudice as to Defendants The Electric Group, Inc. and Lynne M. Robbins (docket #5).[2]

ICBC timely filed a Notice of Removal to this court on March 19, 2007.  Notice of Removal (docket #1).  Each of the plaintiffs is a Canadian citizen.  ICBC is a British Columbia Sovereign Crown corporation and an agent of the government of Canada within the meaning of the Foreign Sovereign Immunities Act, 28 USC § 1603(a), (b).  This court has original jurisdiction over plaintiffs' claim against ICBC under 28 USC § 1330(a), which claim is removable to this court under 28 USC § 1441(d).

ICBC has now filed a Motion to Dismiss Based on Arbitration Agreement (docket #6).  For the reasons that follow, the motion should be GRANTED and the remaining claim against Robinson should be REMANDED to state court.

---

[1] An infant was also a passenger in plaintiffs' vehicle, but is not a named plaintiff in this case.

[2] This court subsequently ordered the names of The Electric Group, Inc., and Robbins removed from the caption of the case.  *See* Minute Order dated July 2, 2007 (docket #17).

## FACTS

Although ICBC seeks dismissal of the Second Claim for Relief, its motion seeks to compel arbitration under the Federal Arbitration Act ("FAA"), 9 USC §§ 201-08, which is considered under summary judgment standards. *See Parr-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F2d 51, 54 n6 (3rd Cir 1980). At oral argument the parties did not dispute the authenticity of the documents that were submitted outside the pleadings, including the copies of British Columbia law offered in ICBC's submissions.[3] A review of the entire record, including the pleadings and the materials submitted in connection with ICBC's motion reveals the following facts:

## I.  Accident Precipitating Plaintiffs' Claims

On December 21, 2004, Clow was driving a 1995 Ford Escort in Gresham, Oregon, accompanied by his wife and mother-in-law. A cargo van, stolen and operated by Robinson struck their vehicle. At the time of the collision, Robinson had stolen the cargo van and was attempting to evade the police. Robinson was not covered under an insurance policy at the time of the accident.

Plaintiffs are all citizens of Canada. Complaint, ¶ 2. At the time of the accident, Clow and his wife were residents of Oregon.[4] The vehicle in which plaintiffs were traveling was licensed and registered in British Columbia, Canada, and had a British Columbia license plate. Putney Decl. at ¶ 8.

---

[3] Defense counsel submitted copies of several statutes and regulations from British Columbia and noted that he believed that the laws had not materially changed between the date of the accident and the hearing date.

[4] There may be a dispute over the residency of Clow and his wife the time of the accident. *See, e.g.*, Complaint, ¶ 14; Putney Decl, ¶ 9. To the degree there is any such dispute, for purposes of this motion, the court views the dispute in favor of plaintiffs.

## II.  <u>Insurance Coverage Provided by ICBC</u>

ICBC is a Canadian Crown Sovereign corporation, a quasi-governmental entity formed under British Columbia law.  Putney Decl, ¶ 2.  ICBC operates and administers a plan of universal compulsory motor vehicle insurance as established under the British Columbia's Insurance (Motor Vehicle) Act, RSBC 1996, Chapter 231 ("Insurance Act").  Putney Decl, Ex 2. ICBC's public duties include issuing driver's licenses, vehicle registrations and vehicle licenses. Putney Decl, ¶ 7.

All owners of vehicles registered in British Columbia must purchase ICBC's basic insurance package from an independent broker.  This basic coverage (called "Autoplan") is prescribed by British Columbia's Insurance (Motor Vehicle) Act Regulations, BC Reg 447/83 ("Regulations").  Putney Decl, Ex. 3.  The Regulations provide for the usual coverages found in domestic insurance policies including uninsured motorist protection ("UIM").  Putney Decl, ¶ 3. ICBC does not issue a printed insurance policy, but instead issues Owner's Certificates indicating that the vehicle owner is covered under the "statutory policy" prescribed by the Regulations.  At the time of the accident, Clow was covered under an Owner's Certificate issued by ICBC. Putney Decl, Ex 1.

## III.  <u>Response to Request for UIM Coverage</u>

On December 14, 2005, ICBC sent a letter to plaintiffs' attorney notifying him of ICBC's "position that you will have to proceed with your client's claims against the owner of the van and their insurers [sic] Allied Insurance" and that "[a]t this time, your client's claims are not uninsured based simply on a denial from Allied Insurance."  Plaintiff's Objection to Defendant ICBC's Motion to Dismiss ("Plaintiffs' Response") (docket #15), Attachment 1, p. 1.

4 - FINDINGS AND RECOMMENDATION

**IV. <u>Plaintiffs' Complaint</u>**

On December 20, 2006, plaintiffs filed a Complaint alleging a claim for negligence against Robinson (driver of the cargo van), The Electric Group, Inc. (owner of the van), and Robbins (sole shareholder of The Electric Group, Inc.) (Complaint, ¶¶ 1-10) and a claim for breach of contract against ICBC (*id*, ¶¶ 12-18). The claim against ICBC alleges that ICBC has denied UIM coverage to plaintiffs, thereby breaching the statutory insurance "policy" afforded Clow and his wife under the Insurance Act and Regulations and the terms of the Owner's Certificate issued by ICBC. *Id*, ¶¶ 13, 17.

On January 2, 2007, counsel for ICBC again notified plaintiffs' counsel that ICBC "stands ready to abide by its contract of insurance with the Clows" and "[i]f appropriate, it will participate in arbitration in British Columbia," but that "[b]efore the Clows are eligible to proceed to arbitration, they must first exhaust all of their remedies against the tortfeasors which have caused them damages." Plaintiffs' Response, Attachment 2. The following day, ICBC's attorney notified plaintiffs' counsel that they "would be well advised to add as an additional defendant the Gresham Police Department" and again noted that the "Clows need to exhaust their remedies against all tortfeasors before they have eligibility to proceed under the UIM provisions of their policy with ICBC." *Id*, Attachment 3.

<strong><u>FINDINGS</u></strong>

Plaintiffs' Second Claim for Relief alleges ICBC breached British Columbia's statutory insurance "policy" by refusing to acknowledge plaintiffs' right to recover under the UIM provisions. ICBC asks this court to dismiss the Second Claim for Relief because it is subject to arbitration. Although this claim has many Oregon connections and plaintiffs' preferred forum is

5 - FINDINGS AND RECOMMENDATION

Oregon, this court is unable to discern any avenue for plaintiffs to avoid arbitrating the Second

Claim for Relief against ICBC in British Columbia, Canada.  Because that claim is subject to

arbitration and should be dismissed, this court should remand the remaining state law negligence

claim against Robinson back to state court.

## I. __Application of the Federal Arbitration Act and the Convention__

ICBC relies on the FAA, which implements the United Nations Convention on the

Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), ratified by the

United States on September 30, 1970, 21 UST 2517, 1970 WL 104417, TIAS No. 6997

(reprinted following 9 USC § 201).  As ratified by the United States, the Convention applies to

"differences arising out of commercial relationships" and is "part of the supreme law of the land,

as enforceable as Congressional enactments."  *Riley v. Kingsley Underwriting Agencies, Ltd.*,

969 F2d 953, 958 (10th Cir 1992), *cert denied*, 506 US 1021 (1992).  The Convention allows a

court to conduct a "very limited inquiry" when deciding to refer an international dispute to

arbitration:

> (1) Is there an agreement in writing to arbitrate the subject of the
> dispute?
> (2) Does the agreement provide for arbitration in the territory of the
> signatory of the Convention?
> (3) Does the agreement arise out of a legal relationship whether
> contractual or not, which is considered as commercial?
> (4) Is a party to the agreement not an American citizen, or does the
> commercial relationship have some reasonable relation with one or
> more foreign states?

*Id* at 959, citing *Ledee v. Ceramiche Ragno*, 684 F2d 184, 186-87 (1st Cir 1982).

There is no question that all of these requirements are met.  British Columbia operates

under a statutory plan of universal compulsory automobile insurance, as set forth in the Insurance

6 - FINDINGS AND RECOMMENDATION

Act.  ICBC administers the Insurance Act, operating pursuant to the statute and its implementing

regulations.  The Insurance Act requires persons applying for "any class or kind of licence or

permit for a motor vehicle" to "apply for the corresponding owner's certificate or driver's

certificate, and [contemporaneously] pay . . . the basic premium for that class of certificate and

any additional premium that . . . is due and owing."  Insurance Act, § 33.  ICBC issues

certificates indicating that the vehicle is covered under the statutory policy prescribed by the

Regulations.  Clow's vehicle was covered under such an "Owner's Certificate of Insurance and

Vehicle Licence" on the date of the accident.  Putney Decl, Ex 1.

      In addition, with regard to uninsured accidents which take place in the United States, the

Regulations provide:

> The determination as to whether an insured is legally entitled to
> recover damages and, if so entitled, the amount of the damages,
> shall be made by agreement between the insured and [ICBC], but
> any dispute as to whether the insured is legally entitled to recover
> damages or as to the amount of damages shall be submitted to
> arbitration under the *Commercial Arbitration Act.*

Regulations, § 148(8) (emphasis in original).

      Unless the parties agree otherwise, arbitrations conducted under British Columbia's

Commercial Arbitration Act are to take place in Vancouver, British Columbia.  *See* Commercial

Arbitration Act (Putney Decl., Ex. 4), § 22 (calling for application of the rules of the British

Columbia International Commercial Arbitration Center) and Domestic Commercial Arbitration

Rules of Procedure of the British Columbia International Commercial Arbitration Center (Putney

Decl., Ex. 5), §§ 2(b), 17 ("place of arbitration shall be Vancouver, British Columbia").

On their face, these provisions constitute a written commercial agreement to arbitrate the claim against ICBC in Canada entered into by Clow, a Canadian citizen.

## II. **McCarran-Ferguson Act**

Despite this seemingly mandatory statutory and regulatory language, plaintiffs contend that Oregon law controls this dispute and that the McCarran-Ferguson Act, 15 USC §§ 1011-15, precludes ICBC from forcing them into arbitration in Canada. This argument does not withstand scrutiny.

The McCarran-Ferguson Act "preserves state statutes, enacted 'for the purpose of regulating the business of insurance,' from preemption and leaves the regulation of the business of insurance to the states." *Stephens v. Am. Int'l Ins. Co.*, 66 F3d 41, 43 (2nd Cir 1995). Under the McCarran-Ferguson Act, the "business of insurance . . . [is] subject to the laws of the several States which relate to the regulation or taxation of such business" and "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance. . . ." 15 USC § 1012. Plaintiffs argue that ICBC is attempting to use the FAA (an "Act of Congress" implementing the Convention) to interfere with state law, namely Oregon's insurance laws, as expressed in ORS Chapter 742. Plaintiffs assert that requiring them to arbitrate their claim against ICBC in British Columbia will usurp their right to a jury trial under ORS Chapter 742.

There is some authority for plaintiffs' theory that the McCarran-Ferguson Act may prevent arbitration requested under the FAA when the FAA is implementing the Convention.[5]

---

[5] For example, in *Stephens*, the Commissioner of Insurance – acting as a court-appointed "Liquidator" to oversee the liquidation of a Kentucky reinsurer – filed suit against various companies who had ceded risk to the then-insolvent reinsurer.

(continued...)

However, more recent and significantly more persuasive authority concludes that the Convention supersedes the McCarran-Ferguson Act.[6]  Whatever the correct resolution of that issue, it has little bearing here.  The difficulty with plaintiffs' argument in this case is that the state insurance laws on which plaintiffs rely have no applicability here.  ORS Chapter 742 applies to insurance policies "delivered or issued for delivery in [Oregon]."  ORS 742.001.  It is undisputed that ICBC issued an insurance policy in British Columbia to Clow.  All plaintiffs were and are Canadian citizens.  At the time the Owner's Certificate was issued, Clow certified that he was a resident of British Columbia.  Thus, there is no indication whatsoever that Clow's statutory insurance policy was "delivered or issued for delivery" in Oregon.  Moreover, ICBC is a British Columbia Sovereign Crown corporation which administers a mandatory insurance program in the province of British Columbia, Canada.  Although the accident took place in Oregon and two plaintiffs contend that they were residing in Oregon at the time, those factors do not assist

---

[5](...continued)

The Commissioner/Liquidator sought recovery of premiums owed to the reinsurer and an order requiring specific performance in the form of payment of future premiums.  When faced with motions to compel arbitration under the FAA, the Commissioner/Liquidator argued that under the McCarran-Ferguson Act, an anti-arbitration provision of the Kentucky Liquidation Act took precedence.  The court concluded that Kentucky's anti-arbitration provision "regulates the performance of insurance contracts once an insurance company (or a reinsurance company) is declared insolvent and enters liquidation." *Stephens*, 66 F3d at 44.  When the court sided with the Commissioner/Liquidator on the issue of whether the anti-arbitration provision regulated the business of insurance, defendants argued that the McCarran-Ferguson Act could not take precedence over the Convention, a treaty.  The Second Circuit flatly rejected that argument:  "The argument is that under the Supremacy Clause the Convention supersedes the Kentucky Liquidation Act.  This argument fails because the Convention itself is not self-executing, and therefore, relies on an Act of Congress for its implementation."  *Stephens*, 66 F3d at 45, citing 9 USC §§ 201-08 and quoting *Foster v. Neilson*, 27 US (2 Pet) 253, 313-14 (1829).  In short, the "implementing legislation" (*i.e.* the FAA) "does not preempt the Kentucky Liquidation Act" and the "Convention itself is simply inapplicable in this instance."  *Id*.

[6]  *See Goshawk Dedicated Ltd.*, 466 FSupp2d 1293, 1305 n.9, 1310 (ND Ga 2006) (finding that the adoption of the Convention expressed "a strong international policy in favor of enforcing commercial arbitration agreements [which] supersedes state-based anti-arbitration defenses otherwise available in the domestic context by operation of the McCarran-Ferguson Act" and noting that the Second Circuit had "recognized some tension between its reasoning in *Stephens* and the legislative history of the McCarran-Ferguson Act.") (citations omitted).

plaintiffs in establishing that their claim against ICBC fits under the umbrella afforded by

ORS 742.001.

Nor do Oregon's Uninsured Motorist Coverage provisions provide a safe haven for

plaintiffs.  Oregon law requires uninsured motorist coverage on insurance policies "[i]ssued for

delivery in [Oregon]" or "[i]ssued or delivered by an insurer doing business in [Oregon] with

respect to any motor vehicle then principally used or principally garaged in [Oregon]."

ORS 742.502(1)(a), (b).  As just noted, nothing indicates that at the time Clow acquired

insurance from ICBC, the policy was issued for delivery in Oregon.  And, while Clow's vehicle

may later have been "principally used or principally garaged" in Oregon, ICBC is simply not an

"insurer doing business [in Oregon]."  Instead, ICBC is a British Columbia Sovereign Crown

corporation doing business in British Columbia.  The unilateral acts of its insureds traveling

outside of the borders of Canada and into the borders of Oregon do not alter the nature of ICBC's

business dealings.

In short, plaintiffs have not cited, nor has this court identified, any provision of ORS

Chapter 742 by which, in combination with the McCarran-Ferguson Act, plaintiffs can avoid the

arbitration provisions of British Columbia's Insurance Act which define the terms and conditions

of their insurance "policy."

## III.  **Remaining Arguments**

Plaintiffs also argue that ICBC should not be allowed to insist on dismissal of their claims

and arbitration in Canada because it has steadfastly refused to arbitrate the UIM claim unless and

until plaintiffs exhaust any possible remedies they may have against other alleged tortfeasors.

Such tortfeasors include the thief who was operating the vehicle that injured them (Robinson),

10 - FINDINGS AND RECOMMENDATION

the owners of the stolen vehicle (The Electric Group, Inc. and Robbins), and the police agencies

who were attempting to apprehend the thief (City of Gresham and/or City of Portland).  Plaintiffs

contend that neither British Columbia law nor Oregon law required them to pursue claims against

the police agencies or officers or the owners of the stolen vehicle prior to making an UIM claim.

Even if plaintiffs are correct, this court cannot assist them.  Instead, the issues of whether,

when and how much ICBC should pay plaintiffs under its policy represent the type of disputes

that must be submitted to arbitration in Vancouver, British Columbia.

**IV.  Stay versus Dismissal**

Plaintiffs argue that this court should stay, rather than dismiss, their claim against ICBC.

However, there is no sound reason to do so.

The FAA gives a court authority, upon application by one of the parties, to grant a stay

pending arbitration, but does not preclude dismissal when all claims are barred by an arbitration

clause.  *Sparling v. Hoffman Constr. Co.*, 864 F2d 635, 638 (9th Cir 1988); *see also Martin

Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F2d 143 (9th Cir 1978) (holding that judge had

discretion to grant summary judgment when all the plaintiff's claims were barred by an

arbitration clause).  Other courts are in accord.  *See e.g. Fedmet Corp. v. M/V BUYALYK*, 194

F3d 674, 678-79 (5th Cir 1999); *Bercovitch v. Baldwin Sch., Inc.*, 133 F3d 141, 156 n 21 (1st Cir

1998) ("[A] court may dismiss, rather than stay, a case when all of the issues before the court are

arbitrable"); *Alford v. Dean Witter Reynolds, Inc.*, 975 F2d 1161, 1164 (5th Cir 1992) ("The

weight of authority clearly supports dismissal of the case when all of the issues raised in the

district court must be submitted to arbitration").

11 - FINDINGS AND RECOMMENDATION

British Columbia's Insurance Act requires disputes as to whether and how much the insured is to recover under the UIM provisions to be submitted to arbitration under British Columbia's Commercial Arbitration Act, which in turn dictates that the arbitrator's award is "final and binding on all parties to the award." Commercial Arbitration Act, § 14. The only tribunal with authority to set aside or consider appeals of an arbitrator's award is the British Columbia Supreme Court. *Id*, §§ 30-31. Because nothing will remain for this court to decide upon the conclusion of the arbitration proceedings and any related appeal, there is no reason for staying, rather than dismissing, the claim against ICBC.

## V. <u>Remand of Remaining Claim Against Robinson</u>

Dismissal of the claim against ICBC leaves only the state law negligence claim against Robinson. When "the district court has dismissed all claims over which it has original jurisdiction," it has discretion to "decline to exercise" supplemental jurisdiction. 28 USC § 1367(c)(3); *Brady v. Brown*, 51 F3d 810, 815-16 (9th Cir 1995). In that situation, the court should remand the case unless retention of the case is justified by judicial economy, convenience, and fairness to the litigants. *Executive Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F3d 1545, 1564 (9th Cir 1994).

"[I]n the usual case in which federal law claims are eliminated before trial, the balance of the factors of economy, convenience, fairness and comity will point toward declining to exercise jurisdiction over state law claims." *O'Connor v. State of Nevada*, 27 F3d 357, 363 (9th Cir 1994) (brackets and citation omitted), *cert denied*, 514 US 1021 (1995). While the decision whether to exercise supplemental jurisdiction is discretionary with the court, in most circumstances the

proper exercise of discretion requires the dismissal of the state claims.  *Reynolds v. County of San Diego*, 84 F3d 1162, 1171 (9th Cir 1996).

Here, none of the relevant factors favors continuing to exercise supplemental jurisdiction over the claim against Robinson.  Plaintiffs initially filed this action in state court, indicating a preference for that jurisdiction.  The removal was accomplished by ICBC acting on its own without joinder by any other defendant.  *See* Notice of Removal, ¶ 6.  This case was removed less than four months ago and the initially scheduled dates for the close of discovery and filing of the Joint Alternate Dispute Resolution Report and Pretrial Order have not yet passed.  The motion to dismiss by ICBC was the first volley by defendants and that motion is dispositive of the claim against ICBC.

However, contrary to ICBC's statement in the Notice of Removal, it is not clear whether the claim against Robinson is based solely on supplemental jurisdiction and non-removable.  Pursuant to 28 USC § 1332(a)(2), this court has jurisdiction over civil actions between citizens of a State and citizens or subjects of a foreign state when the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus, assuming Robinson is a citizen of one of the states of the United States, this court has diversity jurisdiction over plaintiffs' claim against him and would be required to exercise that jurisdiction had Robinson sought removal.  *See Williams v. Costco Wholesale Corp.*, 471 F3d 975, 977 (9th Cir 2006)..

Although two of the plaintiffs contend that they were residents of Oregon at the time of the accident, all three plaintiffs are citizens of Canada.  Complaint, ¶ 2.  As yet, Robinson has filed no response to the Complaint and his citizenship is neither alleged in the Complaint nor revealed by ICBC's Notice of Removal.  The only information about Robinson is contained in

the Certificate of Service attached to the Notice of Removal which lists an address for him at the

Snake River Correctional Institution in Ontario, Oregon.  This court is unaware whether

Robinson has been served with Summons and the Complaint or whether he could still timely

remove the claim against him after being served.  In any event, the record does not reveal at this

juncture any impediment to remanding the negligence claim against Robinson to state court after

dismissal of the breach of contract claim against ICBC.

## **RECOMMENDATION**

For the reasons stated above, ICBC's Motion to Dismiss Based on Arbitration Agreement

(docket #6) should be GRANTED and the remaining claim against Robinson should be

REMANDED to state court.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due July 26, 2007.  If no

objections are filed, then the Findings and Recommendation will be referred to a district judge

and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will be referred to a district judge and go under advisement.

DATED this 9th day of July, 2007.

_/s/ Janice M. Stewart _____
Janice M. Stewart
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION